IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ESTHER WILKERSON,

           Plaintiff,

    v.

GILL MILLET, et al.,

           Defendants.

Case No. 3:15-cv-01108-PA

**ORDER**

**PANNER, District Judge**:

    Plaintiff Esther Wilkerson brings this civil rights action against Gill Millet[1], a deputy with the Clackamas County Sheriff's Office, and Clackamas County.

    Defendants move to dismiss the first amended complaint. I grant the motion and dismiss this action with prejudice.

---

    [1]The first amended complaint spells the name "Millet," while Defendants spell the name "Millett." I will use Plaintiff's spelling.

1 – ORDER

## BACKGROUND

Plaintiff married James Wilkerson in 1977. Wilkerson was in the Navy from 1967 to 1992. He retired from the Navy because he suffered from cerebral atrophy, a condition that caused dementia. By 2007, when Wilkerson was 58 years old, he needed a wheelchair and could not care for himself.

In 2013, Wilkerson was housed in a care facility in Oregon. Plaintiff's daughter, Maria Brennan, and Maria's husband, Michael Brennan, were planning to remodel their house in Happy Valley, Oregon, to accommodate Wilkerson's disabilities and allow Plaintiff to live with him.

In 2014, Defendant Millet received a report from a bank employee that the Brennans might be improperly using Wilkerson's VA benefits to pay their personal bills. *See* Burrows Decl., Ex. 6, at 2 (letter opinion) (Clackamas Cty. Cir. Ct. Oct. 5, 2015), ECF No. 62-6. Defendant Millet began investigating the Brennans for elder abuse, interviewing Wilkerson and reviewing bank records for the Brennans and the Wilkersons. Based on his investigation, Millet obtained a search warrant for the Brennans' house. Officers executing the search warrant seized more than $200,000 in cash from a safe in the Brennans' house.

In January 2015, the Brennans were charged in Clackamas County with seven counts of felony theft by deception. *See* Defs.' Joint Resp. in Opp. to Stay, Ex. 1, ECF 28-2 (copy of indictments). Also in January 2015, the Brennans were charged with multiple felony counts of unlawfully obtaining public assistance and felony theft by deception. *See id.*, Ex. 3, ECF No. 28-3. In May 2015, the Brennans were charged with three counts of aggravated theft, three counts of theft, and six counts of theft of services. *See id.*, Ex. 1, ECF 28-1. Several criminal charges were related to the Brennans' remodeling of their Happy Valley house. I take judicial notice of the indictments against the Brennans, which are public records. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled in part on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

A professional conservator was appointed to protect Wilkerson's interests. The conservator

2  -  ORDER

brought a civil action in Clackamas County Circuit Court on Wilkerson's behalf against the Brennans and other defendants. Plaintiff's attorney here represented the Brennans in that action. Plaintiff alleges that the money seized from the Brennans' safe did not belong to Plaintiff or Wilkerson, and that the Brennans did not steal from her.

Plaintiff brought this action in June 2015. Plaintiff filed the first amended complaint on July 8, 2015, which is the operative complaint at issue here. In addition to Millet and Clackamas County, other named defendants originally included the conservator, several state employees, and the City of Happy Valley.

Plaintiff alleges that Millet made false accusations about the Brennans' honesty and integrity; falsely described his interviews with Wilkerson, who was not competent; failed to interview Plaintiff during his investigations; encouraged the conservator to bring an action against the Brennans; and testified falsely against the Brennans during civil and criminal proceedings. First Am. Compl. 18-20, ECF No. 3. Plaintiff alleges that Millet's improper conduct effectively ended the Brennans' remodeling project, and caused the seizure of the Wilkersons' assets. First Am. Compl. 20.

Plaintiff requested a stay of this action while the criminal proceedings against the Brennans were pending in state court. Burrows Decl., ECF No. 23. On October 15, 2015, this court granted a stay of 120 days.

On October 18, 2015, while Plaintiff was visiting Wilkerson at the assisted living facility, Plaintiff killed Wilkerson. Plaintiff faces criminal prosecution for killing Wilkerson.

Plaintiff then sought to continue the stay in this action. Plaintiff argued that "while [she] was facing criminal prosecution civil discovery would be difficult if not impossible." Burrows Suppl. Decl. ¶ 6, ECF No. 45. This court continued the stay.

In January 2016, this court granted Plaintiff's motion to dismiss with prejudice all defendants except Millet and Clackamas County. ECF No. 50. This court partially lifted the stay to allow Millet and Clackamas County to file the motion to dismiss at issue now. ECF No. 49.

3  –  ORDER

## LEGAL STANDARDS

When a defendant moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Chubb Custom Ins.*, 710 F.3d at 956.

## DISCUSSION

In her response to Defendants' Motion to Dismiss, Plaintiff withdraws her state law claims for elder abuse and breach of fiduciary duty. Her remaining claims are due process claims for interference with her relationships with Wilkerson and Maria Brennan, and a fraud claim under state law.

### I. Substantive Due Process Claim

Plaintiff brings a substantive due process claim under the Fourteenth Amendment, contending that Millet's conduct arbitrarily deprived her of the companionship and society of her husband and her adult daughter. "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). "[T]o establish a constitutional violation based on substantive due process, [a plaintiff] must show both a deprivation of her liberty and conscience-shocking behavior by the government." *Id.* "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional way." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (internal quotation marks and citation omitted). The court must determine whether the defendant engaged in "conduct intended to injure in some way unjustifiable by any government interest." *Id.* at 849.

4 - ORDER

Here, Plaintiff contends that Millet "falsely accused the Brennans of running a fake charitable organization and stealing money from the Wilkersons resulting in the delay in building the apartment [in the Brennans' house for the Wilkersons]. This, in turn caused [Plaintiff] to have to live with friends and in an R.V. Further based on false accusations by Millet [Plaintiff] was physically removed from her husband, left without a home, had all her money frozen and none of her bills paid." Pl.'s Resp. 52.

## A. Liberty Interest

Plaintiff asserts that she has a protected liberty interest in the companionship and society of her husband and of her adult daughter. Defendants dispute whether Plaintiff has shown protected liberty interests at stake. For purposes of this motion, I assume that Plaintiff does have a protected liberty interest in these relationships. *See Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 371 (9th Cir. 1998); *Alfano v. Farley*, No. 3:12-cv-02319-PK, 2014 WL 2041137, at *7 (D. Or. April 29, 2014).

## B. Behavior that Shocks the Conscience

I conclude that Plaintiff has failed to plausibly allege that Millet's behavior was so egregious as to violate her substantive due process rights. Millet's alleged behavior was directed at the Brennans, ostensibly to protect Plaintiff and Wilkerson, not to harm them.

In *Alfano*, this court addressed a similar substantive due process claim brought by adult children of a man who had been housed at an assisted living facility. The plaintiffs complained that the defendants, including their father's court-appointed conservator, had moved the father to another assisted living facility where visits and phone calls were limited. This court dismissed the plaintiffs' substantive due process claim, holding that the defendants' alleged conduct "did not deprive plaintiffs of their relationship with their father. Plaintiffs have cited no case law, and I am aware of none, suggesting that such limited interference with a constitutionally protected relationship is sufficient to rise to the level of a substantive due process violation, particularly where a guardian was appointed and empowered to take the actions at issue." *Alfano*, at *7.

Similarly, Plaintiff here has not shown the type of egregious conduct necessary to state a substantive due process claim. Before Millet's alleged misconduct, Wilkerson had been placed in an assisted living facility apart from Plaintiff. First Am. Compl. ¶ 51. Plaintiff does not allege that she was unable to visit Wilkerson when he was moved to an assisted living facility. Instead, she alleges that she visited him three times a week, "often with her daughter or grandchildren." First Am. Compl. ¶ 118. Although Wilkerson was later moved to a veterans' care facility in The Dalles, Plaintiff and the Brennans supported this move. First Am. Compl. ¶ 117. Plaintiff does not allege that she could not visit or communicate with him. I conclude that Plaintiff has not alleged the type of serious interference with her relationship to her husband that could possibly support a substantive due process claim.

Nor has Plaintiff plausibly alleged that she was prevented from maintaining a relationship with Maria Brennan, her adult daughter. Plaintiff alleges that she has consistently denied that the Brennans improperly took money from her or Wilkerson, indicating that Millet's investigation did not seriously harm her relationship with Maria Brennan. The first amended complaint alleges that Plaintiff was living with her daughter as of June 2015. First Am. Compl. ¶ 1.

I conclude that Plaintiff has not shown the type of conscience-shocking behavior that could support a substantive due process claim against Millet.

## II. Procedural Due Process Claim

Plaintiff alleges that Millet violated her right to procedural due process. Assuming for this motion only that Plaintiff had a liberty interest at stake, she has not plausibly alleged that Millet violated her right to procedural due process.

The Supreme Court recently noted the "simple distinction between government action that directly affects a citizen's legal rights, or imposes a direct restraint on his liberty, and action that is directed against a third party and affects the citizen only indirectly or incidentally." *Kerry v. Din*, ⸺ U.S. ⸺, 135 S. Ct. 2128, 2138 (2015). Here, Millet's alleged misconduct was directed at the Brennans, and affected Plaintiff only indirectly. As Millet argues, "the overwhelming bulk of

6 - ORDER

the Amended Complaint is devoted to grievances that the Plaintiff's daughter, Maria Brennan, and Maria's husband, Michael Brennan, have with" Defendants.  Defs.' Renewed Joint Mot. to Dismiss 7.

Plaintiff concedes that she has no standing to complain about Millet's alleged Fourth Amendment violations during the investigation of the Brennans.  *See* Pl.'s Resp. 31.  Millet's actions allegedly prevented the Brennans from building an apartment for Plaintiff and Wilkerson in their house, but Plaintiff does not allege that was the purpose of Millet's investigation.  I conclude that Plaintiff cannot show that Millet violated her right to procedural due process.

Alternatively, I conclude that Millet is entitled to qualified immunity from Plaintiff's due process claims.  As in *Alfano*, even if Plaintiff had sufficiently alleged violations of her constitutional rights, those rights were not clearly established.  *Alfano*, at *9.

### III.  Fraud Claim

Plaintiff brings a fraud claim against Millet and Clackamas County, as Millet's employer. Plaintiff concedes that she has not sufficiently alleged the elements of fraud, but argues that she should be allowed to replead the claim.

In the first amended complaint, Plaintiff alleges that Millet, and the now-dismissed conservator defendants, "made numerous representations about conduct by the Brennans which were false and were made with the intent to file a lawsuit without due diligence or justification." First Am. Compl. ¶ 156.  Plaintiff alleges that Defendants brought the lawsuit against the Brennans "to rescind contracts, deeds and agreements made between the Wilkersons and the Brennans for the purpose of unlawfully obtained significant assets belonging to the Brennans to be delivered to the Wilkersons," even though the Wilkersons told Defendants that the assets did not belong to them. First Am. Compl. ¶ 157.  Plaintiff alleges that the conservator defendants filed the lawsuit against the Brennans so that the conservator and his attorneys would receive "significant assets from the individuals they are ethically committed to protecting." First Am. Compl. ¶ 158.

As Plaintiff concedes, the fraud claim does not meet the pleading requirements of Federal

Rule of Civil Procedure 9. Rule 9(b) requires that a plaintiff bringing a fraud claim "must state with particularity the circumstances constituting fraud." Rather than allowing Plaintiff to replead the fraud claim to comply with Rule 9, however, I conclude that Plaintiff has failed to state a claim for fraud against Millet.

To state a claim for fraud, a plaintiff must show by clear and convincing evidence: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury." *Conzelmann v. N.W.P. & D. Prod. Co.,* 190 Or. 332, 350, 225 P.2d 757, 764-65 (1950). The allegations against Millet do not support a fraud claim. Plaintiff alleges that she did not believe Millet's statements about the Brennans, so she cannot show that she relied on those statements. Plaintiff also cannot show causation because the conservator, not Millet, brought the lawsuit against the Brennans. The conservator defendants arguably stood to make money from the lawsuit against the Brennans, but there is no allegation that Millet would benefit from the lawsuit. I see no possibility that Plaintiff could amend the fraud claim against Millet to state a claim. Clackamas County must also be dismissed because it is named as a defendant only in its role as Millet's employer.

## III. Dismissal With Prejudice

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal quotation marks and citations omitted). Here, I conclude that allowing Plaintiff to file a second amended complaint would be futile. I dismiss this action with prejudice.

Because I conclude that the complaint must be dismissed with prejudice for failure to state a claim, I need not address Defendants' argument that the complaint violates Federal Rule of Civil Procedure 8.

8 - ORDER

## CONCLUSION

Defendants' Motion to Dismiss (#51) is GRANTED with prejudice.

IT IS SO ORDERED.

DATED this 25 day of May, 2016.

OWEN M. PANNER
U.S. DISTRICT JUDGE